
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| STRATEGIX, LTD., a California corporation; EPASSAGE, INC., a Nevada corporation,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation,<br><br>Defendant - Appellee. | No. 11-56593<br><br>D.C. No. 2:11-cv-04638-GAF-VBK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted June 7, 2013
Pasadena, California

Before: TROTT, LUCERO,[**] and W. FLETCHER, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Carlos F. Lucero, Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Strategix, Ltd. and its parent company, ePassage, Inc. (collectively, "Strategix"), appeal the district court's judgment dismissing Strategix's suit against St. Paul Fire & Marine Insurance Co. ("St. Paul"), Strategix's liability insurer. Strategix claims that St. Paul wrongfully refused to defend Strategix against a third-party lawsuit. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The third-party claims clearly fell within the breach of contract exclusion in the insurance policy because they "result[ed] from" Strategix's alleged breach of the Asset Purchase Agreement and the Consulting Agreement. The alleged breach had more than "a minimal causal connection or incidental relationship" to the claims. Medill v. Westport Ins. Corp., 49 Cal. Rptr. 3d 570, 578-79 (Ct. App. 2006). Indeed, Strategix's "potential liability would not exist without the contracts." Id. at 579; see also Cont'l Cas. Co. v. City of Richmond, 763 F.2d 1076, 1081 (9th Cir. 1985) ("The claim need bear only an incidental relationship to the injury to come within the exclusionary clause . . . .").

**AFFIRMED**.

2